UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Gloria Janeth Velez,

                     Debtor(s).
-------------------------------------------------------X
In re:

Steven Hyde Gordon,

                     Debtor(s).
-------------------------------------------------------X
In re:

John William Panin,

                     Debtor(s).
-------------------------------------------------------X
In re:

Robert Murray,

                     Debtor(s).
-------------------------------------------------------X

Case No.: 23-70362-AST
Chapter 13

Case No.: 23-70261-AST
Chapter 13

Case No.: 23-70235-AST
Chapter

Case No.: 23-70430-AST
Chapter 13

## **DECISION AND ORDER DISMISSING CHAPTER 13 CASES WITH PREJUDICE**

Pending before this Court are four motions to dismiss with prejudice (the "Motions") filed by Krista M. Preuss, the Chapter 13 trustee (the "Trustee"), in the Chapter 13 cases of Gloria J. Velez, Steven Hyde Gordon, John William Panin, and Robert Murray (each a "Debtor," and together the "Debtors"). In the Motions, the Trustee seeks two forms of relief: first, the Trustee requests that Debtors' cases be dismissed for cause under Section 1307(c) of title 11 of the United

States Code (the "Bankruptcy Code")[1]; and second, the Trustee requests that the cases be dismissed with prejudice for a period of one (1) year because the Debtors have repeatedly filed cases for the purpose of frustrating creditors.[2] Each Debtor has filed multiple cases in less than two years in which they failed to comply with the basic requirements imposed on them by the Bankruptcy Code and Rules. For the following reasons, the Court grants the Motions and bars each of the Debtors from refiling another Chapter 13 case for a period of one (1) year.

**JURISDICTION**

This Court exercises the jurisdiction vested in the U.S. District Court pursuant to 28 U.S.C. § 1334(a) and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2013, but made effective *nunc pro tunc* as of June 23, 2011. Venue lies pursuant to 28 U.S.C. § 1408. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Court has the authority to hear and determine the issues raised under 28 U.S.C. § 157(b)(1).

**GENERAL BACKGROUND**

These cases were filed between January 23, 2023, and February 7, 2023. On February 17, 2023, the Trustee filed the Motions. [Case No. 23-70362, Dkt Item 15; Case No. 23-70261,

---

[1] The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*. Any reference(s) herein to "Section[s]" or "§[§]" shall refer to the indicated section(s) of the Bankruptcy Code. The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq.* and are identified herein as "Bankruptcy Rule __." The Federal Rules of Civil Procedure are set forth in Fed. R. Civ. P. 1 *et seq.* and are identified herein as "Rule __."  Local Bankruptcy Rules for this Court are set forth in E.D.N.Y. L.B.R. 1001-1 *et seq.* and are identified herein as "Local Rule."

[2] The Motions do not specifically request that the Debtors be barred from refiling under any chapter of the Bankruptcy Code, and are thus, for due process purposes, construed as seeking only to ban a subsequent chapter 13 case. *See Casse v. Key Bank Nat'l Ass'n (In re Casse),* 198 F.3d 327, 339 (2d Cir.1999) ("the bankruptcy court's July 16, 1997 order did not specify the Code sections upon which it was based, or the scope and duration of the bar on future filings implicit in the phrase "with prejudice," these omissions avail the debtor nothing. Their only effect was to make the order ambiguous; and the ambiguities were resolved by the bankruptcy court's April 21, 1998 opinion…"). Consistent with *Casse*, this Court treats the relief requested as ambiguous and therefore construes it solely to apply to the chapter under which these cases were filed.

Dkt Item 14; Case No. 23-70235, Dkt Item 13; Case No. 23-70430, Dkt Item 9]. The Debtors, each proceeding *pro se*, did not file any opposition to the Motions. On March 9, 2023, the Court held hearings on the Motions.³ At the conclusion of the hearings, the Court took the Motions under submission.

In each of these cases, the Debtors failed to file mandatory documents required pursuant to Bankruptcy Rule 1007(b) and Section 521(a) of the Bankruptcy Code.⁴ These include Debtors' schedules of assets and liabilities; schedules of income and expenses; statements of financial affairs (with one limited exception)⁵; Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period; and 60 days of payment advices. Further, none of these Debtors has filed a proposed Chapter 13 plan or commenced making plan payments to the Trustee as required by Sections 1321 and 1326. These filing deficiencies establish cause to dismiss the present cases. In addition, while each of these Debtors are repeat filers, they all failed

---

³ From the above-referenced Debtors, only John William Panin appeared at the March 9, 2023 hearing. While the Court heard a number of other motions to dismiss at the March 9 hearing, the facts of these cases were the most egregious.

⁴ Section 521(a) provides:
The debtor shall—
(1) file—
(A) a list of creditors; and
(B) unless the court orders otherwise—
(i) a schedule of assets and liabilities;
(ii) a schedule of current income and current expenditures;
(iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate—
(I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
(II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
(iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
(v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and
(vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition.

⁵ Debtor Velez is the only Debtor that filed a Statement of Financial Affairs. [Case No. 23-70362, Dkt Item 1].

to file an affidavit of changed circumstance as required by Local Bankruptcy Rule 2003-1(a)(v).[6]

Among the reasons for prejudicial dismissal set forth in the Motions is the Trustee's contention that these Debtors have filed at least three (3) bankruptcy cases in the past two (2) years in which they failed to comply with the most basic requirements imposed on them by the Bankruptcy Code and Rules. This Court may and does infer that these repeat or serial filings without proper prosecution of their cases were done for the purpose of frustrating creditors and lack good faith. The following chart details the Debtors' prior filings and bases for dismissal for those cases:

| Case Name and No. | Date Filed | Date Dismissed | Reason for Dismissal |
| --- | --- | --- | --- |
| Gloria Janeth Velez (22-71139) | May 19, 2022 | July 5, 2022 | Section 521(i) deficiencies |
| Gloria Janeth Velez (22-72719) | October 5, 2022 | November 7, 2022 | Failure to provide acceptable photo identification pursuant to Administrative Order No. 653. |
| Steven Hyde Gordan (22-70841) | April 25, 2022 | June 10, 2022 | Section 521(i) deficiencies |
| Steven Hyde Gordan (22-72439) | September 14, 2022 | October 31, 2022 | Section 521(i) deficiencies |
| John William Panin (21-71499) | August 22, 2021 | October 7, 2021 | Section 521(i) deficiencies |
| John William Panin (22-72654) | September 30, 2022 | November 15, 2022 | Section 521(i) deficiencies |
| Robert Murray (22-71127) | May 18, 2022 | July 5, 2022 | Section 521(i) deficiencies |
| Robert Murray (22-72551) | September 23, 2022 | November 8, 2022 | Section 521(i) deficiencies |

Because the facts of each case and the legal issues are similar, this Court has determined to issue a single opinion regarding all of these cases. The detailed facts of each case will be analyzed in the fact section below.

---

[6] Local Rule 2003-1(a)(v) provides: in a case where the debtor had a prior chapter 13 case pending within a year of the filing date, a copy of a detailed affidavit of changed circumstances, describing the disposition of each prior case and explaining how the debtor's circumstances have changed."

4

**ANALYSIS**

The Court first notes that each of these cases is subject to automatic dismissal under Section 521(i)(1), which provides:

> Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be *automatically dismissed effective* on the 46th day after the date of the filing of the petition.

11 U.S.C. § 521(i)(1) (emphasis added). Because the Motions were filed before the automatic dismissal of these cases, the Court retains jurisdiction to consider the Motions. *See In re Merlo*, 646 B.R. 389, 392 (Bankr. E.D.N.Y. 2022).

In the Motions, the Trustee requests dismissal under Section 1307(c) but does not specify which of the specific provisions of Section 1307(c) she relies on. Therefore, the Court has considered the most applicable provisions due to the sheer number of deficiencies outlined in the Motions.

*Cause exists to dismiss under Sections 1307(c)(1)-(4)*

Section 1307(c) of the Bankruptcy Code enables the court to either dismiss a chapter 13 case or to convert it to chapter 7, "whichever is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1307(c). This section further identifies a non-exhaustive list of grounds that constitute cause. *See* 11 U.S.C. § 1307(c)(1)–(11). Here, the Court finds and concludes that there are several statutory grounds to dismiss the Debtors' cases.

Dismissal under Sections 1307(c)(1)–(4) is proper because the Debtors have not filed a plan in any of their cases; have not commenced making payments to the Trustee; have failed to pay the chapter 13 filing fee; and have failed to file numerous of the schedules, statements, and

other required documents, including affidavits identifying any changed circumstances from their previous filings.[7]

*Cause also exists to dismiss for lack of good faith*

The Court also finds that each of the Debtors' cases should be dismissed for lack of good faith. To determine whether a case should be dismissed for lack of good faith, a court must look at the totality of the circumstances. *See In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009). The totality of the circumstances analysis, "should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *Id.* (quoting *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)).

In applying the totality of the circumstances test, courts have looked at many lack of good faith factors.[8] However, when a debtor commences a "barebones" chapter 13 case, meaning that he or she files no schedules, no list of creditors, no list of assets, and no disclosure of income and expenses, the debtor leaves the court and creditors unable to assess many of these lack of good

---

[7]  *See* 11 U.S.C. § 1307(c)(1)–(4). Under Section 1307(c), a court may dismiss a chapter 13 case for cause, including:

> (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees and charges required under chapter 123 of title 28; (3) failure to file a plan timely under section 1321 of this title; (4) failure to commence making timely payments under section 1326 of this title . . . .

*Id.* Further, in a case where the debtor filed a previous chapter 13 case pending within a year of the instant filing date, the debtor must file a detailed affidavit of changed circumstances, "describing the disposition of each prior case and explaining how the debtor's circumstances have changed." E.D.N.Y. L.B.R. 2003-1(a)(v).

[8]  Lack of good faith in Chapter 13 can be found in the following circumstances:

> 1) the debtor has few or no unsecured creditors; 2) the debtor has previously filed for bankruptcy; 3) the debtor's pre-petition conduct was improper; 4) the debtor's petition allows him or her to evade court orders; 5) the debtor has few debts to non-moving creditors; 6) the petition was filed on the eve of foreclosure; 7) the foreclosed property was the sole or major asset of the debtor; 8) no possibility exists for reorganization; 9) the debtor's income is insufficient to operate; 10) there is no pressure from non-moving creditors; 11) reorganization essentially involves the resolution of a two-party dispute; and 12) the debtor filed solely to obtain an automatic stay.

*Plagakis v. Gelberg (In re Plagakis)*, 2004 WL 203090, at *4 (E.D.N.Y. Jan. 27, 2004).

faith factors. However, the applicable factors here, being previously bankruptcy filings and the current filing made solely to obtain the benefit of the automatic stay, when paired with missing all or substantially all mandatory Section 521 disclosures in these cases, demonstrate a lack of good faith in the filing of the present cases.

*Cause exists to dismiss these cases with prejudice*

Dismissal of a bankruptcy case is generally without prejudice. However, courts have the statutory authority to dismiss a bankruptcy case with prejudice to refiling. Section 349(a) of the Bankruptcy Code provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349(a). Both the Second Circuit and the Eastern District of New York have discussed the court's authority to dismiss a bankruptcy case with prejudice to refiling. *See Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999); *Miles v. Chase Bank*, 2022 WL 842073, at *3 (E.D.N.Y. Jan. 24, 2022); *see also In re Montalvo*, 416 B.R. 381, 388-89 (Bankr. E.D.N.Y.2009).

Section 109(g) provides that a debtor is ineligible to file a bankruptcy case for 180 days if "[a prior] case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case" or if "the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay . . . ." 11 U.S.C. § 109(g)(1)–(2). The Second and Fourth Circuits have determined that Section 349(a) does not limit a bankruptcy court's power, in an appropriate case, to prohibit a serial filer from filing petitions for longer than 180 days. *See In re Casse*, 198 F.3d at 339; *see also In re Tomlin,* 105 F.3d 933, 938 (4th Cir. 1997) (concluding "that § 349 was never

intended to limit the bankruptcy court's ability to impose a permanent bar to discharge that would have res judicata effect").

Whether to dismiss a case with prejudice is committed to the sound discretion of the court. *See generally In re Casse*, 198 F.3d at 336; *In re Ventura*, 375 B.R. 103 (Bankr. E.D.N.Y. 2007).

Under Section 349, when there are multiple filings, each of which lacks good faith, there is cause to dismiss with prejudice. *See Miles*, 2022 WL 842073, at *3; *Wenegieme v. Macco*, 580 B.R. 17, 23-24 (E.D.N.Y. 2018); *In re Morello*, 2021 WL 5071957, at *4 (Bankr. D. Conn. Oct. 8, 2021); *In re Hartley*, 2020 WL 1908326, at *5 (Bankr. D. Conn. Apr. 14, 2020).

Here, it seems clear to the Court that the Debtors have abused the purpose and spirit of the Bankruptcy Code with multiple barebones filings that are fundamentally unfair to their creditors. As outlined above, and is detailed for each case below, in less than two years each Debtor has filed multiple cases in which they failed to comply with the basic requirements imposed on them by the Bankruptcy Code and Rules.[9] In fact, three of these Debtor each filed three cases in less than one year. The Debtors have not appeared or filed any papers to provide a justification for their failure to comply with their obligations under the Bankruptcy Code. Nor have they shown their circumstances have changed since the last dismissed filing. On these grounds, the Court concludes that the current cases lack a legitimate purpose.

Moreover, while Congress has left to the courts to determine what constitutes cause to dismiss a case with prejudice, it has provided statutory guidance on what constitutes an abusive filing. Under Section 362(c)(3), if more than one previous case was filed by an individual debtor under chapters 7, 11, or 13 within the preceding one-year period but was dismissed, the automatic

---

[9] Murray filed a chapter 7 case, 05-86443, on September 16, 2005, resulting in a discharge on January 10, 2006. This Court, with respect to prejudicial dismissal, has not taken that case into consideration.

stay terminates on the thirtieth day after the filing of the latter case. 11 U.S.C. § 362(c)(3)(A).[10] Further, if the debtor filed two (2) consumer cases within the previous year that were dismissed, the automatic stay does not go into effect in the third case. 11 U.S.C. § 362(c)(4)(A). Either under Section 362(c)(3) or (4), the latter case is presumptively not filed in good faith. *See* 11 U.S.C. §§ 362(c)(3)(C), (c)(4)(D). Debtors may rebut that presumption and show that the subsequent filings were in good faith. *See In re Hedo*, 2009 Bankr. LEXIS 138, at *6 (Bankr. E.D.N.Y. Jan. 23, 2009).

Here, each of the current cases were presumptively not filed in good faith.

Section 349 states no outside period for dismissal with prejudice. In this Court's view, a period of one year is within the sound discretion committed to this Court by Congress. *See, e.g.*, *In re Casse*, 198 F.3d at 337-39 (holding that dismissal with prejudice for a period greater than 180 days is authorized under Sections 105 and 349 with no outside limits); *Miles*, 2022 WL 842073, at *7 (affirming that courts have discretion in barring refiling in cases of serial filers for periods of a year or longer); *In re Turnheim*, 239 B.R. 677 (Bankr. E.D.N.Y. 1999) (dismissing with prejudice for two years).

Accordingly, while the doors of this Court are open for any honest but unfortunate debtor who needs bankruptcy relief, the existence of these Debtors' multiple prior filings within two (2) years which were each dismissed for each Debtor's failure to comply with their most basic obligations, coupled by the Debtors' lack of good faith in the current cases, constitutes ample cause to dismiss these cases with prejudice. Therefore, to deter further abuse of the bankruptcy process, the Court will bar each Debtor from re-filing under chapter 13 of the Bankruptcy Code for a period of one (1) year from entry of this Order.

---

[10] This Court recognizes that a split of authority exists on what happens on day 31 in the latest case. However, that issue is not impactive for this decision.

## **FACTS SPECIFIC TO EACH DEBTOR**

*Gloria Janeth Velez*

Gloria Janeth Velez ("Velez"), the Debtor in the first above-captioned case, acting *pro se*, filed the instant Chapter 13 petition on January 31, 2023. [Case No. 23-70362, Dkt Item 1]. This is Velez's third bankruptcy filing in the past ten (10) months. Previously, Velez has filed the following petitions:

- On May 19, 2022, Velez filed her first petition for relief under Chapter 13 of the Bankruptcy Code. [Case No. 22-71139]. On July 5, 2022, this case was automatically dismissed under Section 521(i). [*Id.*, Dkt Item 19].

- On October 5, 2022, Velez filed her second petition for relief under Chapter 13 of the Bankruptcy Code. [Case No. 22-72719]. On November 11, 2023, the Court entered an order dismissing Velez's second petition for failure to provide acceptable identification pursuant to Administrative Order No. 653. [*Id.*, Dkt Item 14].

In the instant filing, Velez has again failed to comply with her statutorily mandated duties as a Chapter 13 debtor. On March 1, 2023, the Court provided Velez with a Final Notice of Section 521 Deficiencies, in which the Court informed Velez that pursuant to Section 521(i)(1), she was required to file certain documents within 45 days from the filing of the petition. [Dkt Item 17]. To date, Velez has yet to cure any deficiencies.

*Steven Hyde Gordon*

Steven Hyde Gordon ("Gordon"), the Debtor in the second-above captioned case, acting *pro se*, filed the instant petition on January 24, 2023. [Case No. 23-70261, Dkt Item 1]. This is his third case filed within the last nine (9) months. Previously, Gordon has filed the following petitions:

- On April 25, 2022, Gordon filed his first petition for relief under Chapter 13 of the Bankruptcy Code. [Case No. 22-70841]. On June 10, 2022, this case was automatically dismissed under Section 521(i)(1). [*Id.*, Dkt Item 20].

- On September 14, 2022, Gordon filed his second petition for relief under Chapter 13 of the Bankruptcy Code. [Case No. 22-72439]. On October 31, 2022, this case, like the first, was automatically dismissed for Section 521(i)(1) deficiencies.

In the instant filing, the pattern repeats, Gordon again failed to file schedules and statements as required by Section 521, commence payments to the Trustee as required by Section 1326, or file a proposed plan. On February 22, 2023, the Court provided Gordon with a Final Notice of Section 521 Deficiencies, in which the Court informed Gordon that pursuant to Section 521(i)(1), he was required to file certain documents within 45 days from the filing of the petition. [Dkt Item 13]. Gordon has yet to cure any deficiencies.

*John William Panin*

John William Panin ("Panin"), the Debtor in the third above-captioned case, acting *pro se*, filed the instant petition on January 23, 2023. [Case No. 23-70235, Dkt Item 1]. This is his third case within the last seventeen (17) months. Panin has filed the following previous petitions:

- On August 22, 2021, Panin filed his first petition for relief under Chapter 13 of the Bankruptcy Code. [Case No. 21-71499]. On October 7, 2021, this case was automatically dismissed for Section 521(i)(1) deficiencies. [*Id.*, Dkt Item 21].

- On September 30, 2022, Panin filed his second petition for relief under Chapter 13 of the Bankruptcy Code. [Case No. 22-72654]. On November 15, 2022, this case was automatically dismissed for the same deficient filings pursuant to Section 521. [*Id.*, Dkt Item 17].

The instant filing comes with the same problems. For the third time, Panin has not filed schedules and statements as required by Section 521, commenced payments to the Trustee as required by Section 1326, or filed a proposed plan. On February 16, 2023, the Court provided Panin with a Final Notice of Section 521 Deficiencies, in which the Court informed Panin that pursuant to Section 521(i)(1), he was required to file certain documents within 45 days from the filing of the petition. [Dkt Item 11]. To date, Panin has yet to cure any deficiencies.

*Robert Murray*

Robert Murray ("Murray"), the Debtor in the fourth above-captioned case, acting *pro se*, filed the instant petition on February 7, 2023. [Case No. 23-70430, Dkt Item 1]. This is his third case within the last nine (9) months. Previously, Murray has filed the following petitions:

- On May 18, 2022, Murray filed his first petition for relief under Chapter 13 of the Bankruptcy Code. [Case No. 22-71127]. On July 5, 2022, this case was automatically dismissed for Section 521(i)(1) deficiencies. [*Id.*, Dkt Item 15].

- On September 23, 2022, Murray filed his second petition for relief under Chapter 13 of the Bankruptcy Code. [Case No. 22-72551]. On November 8, 2022, this case was automatically dismissed for the same Section 521 deficiencies. [*Id.*, Dkt Item 16].

Murray's instant case resembles those that were previously dismissed. Again, he failed to file schedules and statements as required by Section 521, commence payments to the Trustee as required by Section 1326, or file proposed plans. On March 6, 2023, the Court provided Murray with a Final Notice of Section 521 Deficiencies, in which the Court informed Murray that pursuant to Section 521(i)(1), he was required to file certain documents within 45 days from the filing of the petition. [Dkt Item 10]. Murray has yet to cure any deficiencies.

## **CONCLUSION**

Based upon the foregoing, it is hereby

**ORDERED**, that each of the above-referenced cases is dismissed; and it is further

**ORDERED**, that each of the above-referenced cases is dismissed with prejudice; and it is further

**ORDERED**, that the each of the above-referenced Debtors is barred from re-filing under chapter 13 of the Bankruptcy Code for a period of one (1) year from entry of this Order.



Dated: April 10, 2023
      Central Islip, New York

                                        Alan S. Trust
                      Chief United States Bankruptcy Judge